FILED

DEC 17 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH GREGORY WILLIAMS,

                Plaintiff,

      v.

OREGON DEPARTMENT OF CORRECTIONS
(ODOC) DR. STEVE SHELTON, (TRCI)
PA STEVE GUNDERSON, (TRCI) DR.
GREG LYTLE, (OSCI) DR. JOHN DOE #1,
MULTNOMAH COUNTY SHERIFF DEPARTMENT,
DR. OLE ERSSON, (CCCI) DR. S.
SNIDER, (CCCI) DR. JOHN DOE #2,
(OSP) DR. VARGO, (OSP) DR. OLE
HANSAN, (OSP) DR. DIGNER, DR.
BECKER, (OSP) HEALTH SERVICE MGR.
TED RANDELL, RN JENNIFER STEVANS,
(OSP) GRIEVANCE COORDINATOR
DAVID GILLIES, et al.,

                Defendants.

Civil No. 10-730-AC

OPINION AND ORDER

      KENNETH GREGORY WILLIAMS
      SID #4202792
      Oregon State Penitentiary
      2605 State Street
      Salem, OR  97310

          Plaintiff *Pro Se*

1 - OPINION AND ORDER -

JOHN R. KROGER
Attorney General
AARON SPRAGUE
Assistant Attorney General
ANDREW HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Defendants ODOC, Becker, Degner, Gillies,
    Hansen, Lytle, Randall, Shelton, Snider, Stevens, and
    Vargo

CARLOS J. CALANDRIELLO
Multnomah County Attorneys
501 SE Hawthorne Blvd.
Suite 500
Portland, OR  97214

    Attorney for Defendants Multnomah County Sheriff's
    Office and Dr. Ole Ersson

BROWN, Judge.

    Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is the request contained in Plaintiff's Complaint for temporary restraining order or preliminary injunction.  For the reasons that follow, the Court DENIES Plaintiff's request.

## BACKGROUND

    Plaintiff alleges that the Oregon Department of Corrections ("ODOC") and several ODOC health professionals (referred to collectively hereafter as the "State Defendants"), as well as the Multnomah County Sheriff's Office ("MCSO") and a doctor employed

2 - OPINION AND ORDER -

by MCSO (referred to hereafter as the "County Defendants"), were all deliberately indifferent to Plaintiff's serious medical needs. Specifically, Plaintiff alleges Defendants have failed to provide testing sufficient to diagnose and treat his "suspected piriformus syndrome." In his Complaint, he seeks:

> A Temporary Restraining Order or Preliminary Injunction requiring the defendant(s), to provide plaintiff consultation with an independent specialist and with the scientific tests necessary to determine the cause of plaintiff's pain and long suffering. A specialist to do a thorough examination of plaintiff's medical condition and prescribe appropriate treatment.

Defendants argue Plaintiff is not entitled to the relief sought. The State Defendants contend Plaintiff cannot demonstrate that Defendants' alleged failure to perform appropriate diagnostic tests constituted deliberate indifference or that irreparable injury will result should Plaintiff not receive diagnostic tests on his back.

The County Defendants argue that Plaintiff has not been in the custody or care of the MCSO since his transfer to ODOC custody in December 2008, and, therefore, the County Defendants are not in a position to provide the medical testing and treatment Plaintiff seeks. As such, preliminary injunctive relief against the County Defendants would be inappropriate.

## LEGAL STANDARDS

The Ninth Circuit recently restated the test for a temporary restraining order (TRO) as set out by the Supreme Court:

3 - OPINION AND ORDER -

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.

*Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)). The standards for issuance of a TRO are "essentially identical" to those for issuing a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010).

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting, before trial, the very relief sought in the action is appropriate only in extraordinary circumstances. *See LGS Architects, Inc. V. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006).

## DISCUSSION

In order to prevail on an Eighth Amendment claim for the denial of adequate medical care, Plaintiff must prove that Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Lopez v.*

*Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay or intentionally interfere with medical treatment. *Lopez*, 203 F.3d at 1131; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The indifference to medical needs must be substantial. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Inadequate treatment due to malpractice or even gross negligence does not constitute an Eighth Amendment violation. *Id.*; *Lopez*, 203 F.3d at 1131. Similarly, a difference of medical opinion between a prisoner and his treating physicians regarding the appropriate course of treatment does not amount to deliberate indifference. *Jackson*, 90 F.3d at 332.

Here, Plaintiff's claim that Defendants failed to provide adequate diagnostic testing for his back does not rise to the level of deliberate indifference. As the Supreme Court noted in *Estelle*:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most, it is medical malpractice, and as such the proper forum is the state court.

*Estelle*, 429 U.S. at 107.

Plaintiff's disagreement with Defendants' diagnoses and

5 - OPINION AND ORDER -

course of treatment, without more, does not support a finding of deliberate indifference on the part of Defendants.   Accordingly, the facts and the law do not clearly favor the Plaintiff on his Eighth Amendment claims and an injunction changing the status quo is not warranted.

### CONCLUSION

For these reasons the Court DENIES Plaintiff's request for preliminary injunction or temporary restraining order contained in his Complaint.

IT IS SO ORDERED.

DATED this _16th_ day of December, 2010.

_____

ANNA J. BROWN
United States District Judge